IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-05-346 (1) |
| | § | |
| GEORGE LUIS ROCHA, | § | |
|     Defendant. | § | |

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR
POST-SENTENCE PRODUCTION OF EXCULPATORY EVIDENCE**

Pending before the Court is a pro se motion filed by Defendant George Luis Rocha, titled as a "Motion for Post Sentence Production of Exculpatory Evidence." (D.E. 608.) In it, he requests that the Court order the United States to "preserve" and to provide him with any and all actual or potential exculpatory evidence relating to issues of guilt or punishment. Basically, he is making a request for all Brady material.[1]

For the reasons set forth herein, Rocha's motion is DENIED WITHOUT PREJUDICE.

**I. BACKGROUND**

Rocha pleaded guilty to Count 1 of the third superseding indictment in this case against him on October 27, 2005. (D.E. 219, 230.) He was sentenced by the Court on September 15, 2006 to 235 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term. (D.E. 426, 479.) The Court also imposed a $10,000 fine and a $100 special assessment. (Id.) Rocha did not appeal and has not filed any post-conviction motions, other than the motion now pending before the Court.

---

[1] Brady v. Maryland, 372 U.S. 83 (1983).

1

## II. ANALYSIS

As noted, Rocha's motion is essentially a request that the government provide all Brady material to Rocha. Rocha, however, does not identify any specific evidence that he believes the government may possess or failed to disclose, nor does he explain why he is seeking Brady material at this late date, after his conviction has become final. Moreover, he has no active proceedings before this Court and has not stated that he intends to file a motion under 28 U.S.C. § 2255.

If the United States had failed to disclose Brady material, some courts have held that its Brady obligation would continue through post-conviction proceedings. See, e.g., Steidl v. Fermon, 494 F.3d 623, 630 (7th Cir. 2007) (Brady imposes upon the government an ongoing duty to disclose exculpatory information available at the time of the trial, and that duty to disclose extends throughout the legal proceedings that may affect either guilt or punishment, "including post-conviction proceedings"); see also Jackson v. Johnson, 194 F.3d 641, 649-49 (5th Cir. 1999) (citing authority for fact that the government has an ongoing obligation under Brady). Nonetheless, Rocha does not allege in his motion that any such evidence exists or that the United States has failed to disclose any. This Court declines to order discovery in a criminal case that is closed in the absence of more specific allegations. Cf. United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

For the foregoing reasons, Rocha's motion (D.E. 608) is DENIED WITHOUT PREJUDICE. If Rocha has some grounds for challenging his conviction or sentence pursuant to 28 U.S.C. § 2255,

he is of course free to file such a motion.[2]  Similarly, if he believes that a <u>Brady</u> violation has occurred, he may re-urge his request for <u>Brady</u> material to the Court with additional details and explanation.

### III.  CONCLUSION

For the foregoing reasons, Rocha's motion for post-sentencing production of exculpatory evidence is DENIED WITHOUT PREJUDICE.

It is so ORDERED this 20th day of January, 2009.

                                                 *Janis Graham Jack*
                                               Janis Graham Jack
                                               United States District Judge

---

[2] The Court reaches no conclusions herein as to the timeliness of any such motion.